UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EARL JOSEPH VOISIN, JR.** | **CIVIL ACTION NO. 07-2230** |
| **VS.** | **JUDGE DOHERTY** |
| **CRAIG COLWART, ET AL.** | **MAGISTRATE JUDGE HILL** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights action filed *in forma pauperis* by *pro se* plaintiff Earl J. Voisin, Jr. on December 13, 2007, pursuant to 42 U.S.C. §1983.[1] Plaintiff is incarcerated at the Allen Correctional Center in Kinder, Louisiana where he is serving a twenty-five year sentence imposed following his 2006 convictions for second degree kidnaping and battery on his former girlfriend, Jackie Bennett, entered in the Sixteenth Judicial District Court for Iberia Parish, Louisiana.

In his complaint, plaintiff complains that his constitutional rights were violated in connection with his criminal prosecution. He names his criminal defense counsel Craig Colwart, Sixteenth Judicial District Court Judge Gerald Wattigny, Sixteenth Judicial District Assistant District Attorneys Bofill Duhe and Wilfred Christen, Iberia Parish Sheriff Deputy Allen Baras, Iberia Parish Prison Warden Roberta Boudreaux and his former girlfriend, Jackie Bennett, as parties defendant. Plaintiff requests that this court

---

[1] Plaintiff signed his complaint on December 13, 2007. [rec. doc. 1, p. 22]. The complaint was mailed on December 14, 2007 [rec. doc. 1, p. 25] and received and filed by the Clerk of this court on December 17, 2007. For the purposes of this Report, plaintiff has been afforded the benefits of the "mailbox rule" which states that a *pro se* prisoner's complaint should be deemed to have been filed on the date he presented the complaint to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

"reverse his conviction and vacate his sentence, and drop all charges . . . ."  He also seeks monetary damages for the loss of his job, car and home as a result of his conviction, a sum for each year of his sentence and a sum from his former girlfriend, Ms. Bennett, "for lying on the stand and causing Mr. Voisin [plaintiff] to be sentenced to prison for a crime that he never committed nor ever happened." [rec. doc. 1, pg. 23-24].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## FACTUAL BACKGROUND OF CLAIMS

On January 26, 2006, plaintiff was convicted of the second degree kidnaping and battery of his former girlfriend, Jackie Bennett, following trial by jury in the Sixteenth Judicial District Court.  Thereafter, on April 6, 2006, plaintiff was sentenced to serve twenty-five years at hard labor.

Judge Wattigny presided over plaintiff's criminal trial, which plaintiff complains was neither speedy nor impartial.  Judge Wattigny allegedly refused to allow plaintiff to represent himself, set his bond excessively high ($250,000), signed an order for a hearing on plaintiff's motion to reduce his bond (which was subsequently denied), refused to suppress incriminating evidence while not admitting exculpatory evidence, told the jury that plaintiff had knowingly and intentionally committed the crimes, imposed an excessive sentence, denied plaintiff's motion to reconsider his sentence and granted the State additional time to respond to plaintiff's post-conviction application.

Plaintiff further asserts that Assistant District Attorneys Duhe and Christen prosecuted plaintiff's criminal case, and, in so doing, allegedly improperly shifted the burden of proof to plaintiff. Mr. Duhe is also alleged to have badgered plaintiff while he was testifying on the stand, attempting to make plaintiff admit that he committed the charged crimes. Mr. Christen is also alleged to have opposed plaintiff's motion to reduce his bond, on the allegedly false ground that plaintiff kidnaped his victim at gun point, crossed the state line, and was on drugs during the incident, thus causing the denial of plaintiff's motion for bond reduction.

Plaintiff was represented by criminal defense counsel Craig Colwart, who, plaintiff complains, was ineffective at his trial and at sentencing. Plaintiff complains that Colwart wanted plaintiff to accept a plea bargain and, accordingly, failed to properly investigate and prepare petitioner's case for trial, failed to appear at several pre-trial hearings (allowing representation by other indigent defense attorneys), failed to adopt plaintiff's *pro se* motions, failed to object to several jurors during jury selection as recommended by plaintiff, and failed to seek to suppress, or object to, evidence admitted against plaintiff at trial. Plaintiff further asserts that Colwart forced plaintiff to testify at his criminal trial against his will.

Plaintiff alleges that Ms. Bennett lied while testifying at petitioner's 2006 criminal trial, causing plaintiff to be convicted.

On April 9, 2005, the date that plaintiff allegedly abducted Ms. Bennett and drove her to Alexandria while brandishing a BB gun, Iberia Parish Deputy Baras allegedly promised plaintiff that if he would turn himself in, no charges would be brought against him. However, when plaintiff appeared at the police department, he was arrested and charged with aggravated kidnaping and domestic abuse battery. Plaintiff additionally complains that Deputy Baras lied under oath during a January 23, 2006 hearing on the admissibility of statements made by plaintiff to law enforcement officers when he failed to admit the promise he had made to plaintiff. [rec. doc. 1-3, pg. 38-39].

While awaiting trial on the second degree kidnaping and battery charges, plaintiff was housed at the Iberia Parish Prison ("the Prison") under the supervision of Warden Boudreaux, where he alleges he was subjected to unconstitutional conditions of confinement including a lack of recreation, overcrowded conditions, inadequate clothing, inadequate medical treatment and housing with smokers. After being convicted, plaintiff was transferred to a State facility on April 17, 2006. [rec. doc. 1-4, pg. 45].

Plaintiff filed the instant complaint, at the earliest, on December 13, 2007.[2]

## LAW AND ANALYSIS

*Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without

---

[2]*See* fn. 1, *supra.*

service of process if it is frivolous, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

Plaintiff has filed a complaint which sets forth specific legal theories and which provides a sufficiently detailed recitation of the facts relied upon in support of his claims for relief.  Plaintiff need not be afforded an opportunity for further amendment.

## I. Judicial Immunity - Judge Wattigny

Judges enjoy absolute judicial immunity from suits arising out of the performance of their judicial duties[3], even if in bad faith.  *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles*, 502 U.S. at 11.  A plaintiff's "[d]isagreement with the action taken by a judge . . . does not justify depriving that judge of his immunity, nor does the fact that tragic consequences ensue from the judge's action deprive him of his absolute immunity." *Stump*, 435 U.S. at 356-57.  "A judge will not be deprived of immunity because he was in error, took action maliciously or was in excess of his authority; rather he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Brandley v.*

---

[3]Acts are judicial in nature if they are (1) normal judicial functions, (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge.  *Mireles, supra; Brewer v. Blackwell*, 692 F.2d 387, 396-397 (5th Cir. 1982).

*Keeshan*, 64 F.3d 196, 200 (5th Cir. 1995); *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir. 1991). With respect to jurisdiction, the issue "is whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him." *Stump*, 435 U.S. at 356-57, 98 S.Ct. at 1105.

Judge Wattigny presided over plaintiff's criminal trial. In that capacity, he determined plaintiff's bond, decided all criminal motions and evidentiary issues in plaintiff's criminal case, instructed the jury on the applicable law and imposed plaintiff's sentence. Plaintiff complains of Judge Wattigny's actions while performing these functions. Accordingly, plaintiff's claims against Judge Wattigny clearly arise out of the performance of his judicial duties. As a Louisiana District Court Judge, Judge Wattigny has original subject matter jurisdiction to hear all state criminal and civil matters. La. Const. Art. 5 §16.

In presiding over plaintiff's criminal trial and deciding motions and issues in that case, Judge Wattigny was exercising the authority vested in him by the Constitution and statutory law of the State of Louisiana in a case pending before him, in the court of general jurisdiction where he presides as Judge. Accordingly, it is clear that Judge Wattigny did not act "in the clear absence of all jurisdiction". Because plaintiff's claims against Judge Wattigny are directed at actions undertaken in the performance of his judicial duties in a case pending before him, plaintiff's claims are barred by the doctrine of absolute judicial immunity.

## 2. Prosecutorial Immunity - Bofill Duhe and Wilfred Christen

Criminal prosecutors enjoy absolute immunity from claims asserted under section 1983 for actions taken in "the initiation and pursuit of a criminal prosecution, including presentation of the state's case . . . ." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 2613, 125 L.Ed.2d 209 (1993); *Esteves v. Brock,* 106 F.3d 674, 677 (5th Cir. 1997); *Graves v. Hampton*, 1 F.3d. 315, 317 (5th Cir. 1993), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994); *see also Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 508-09 (1997); *Spivey v. Robertson*, 197 F.3d 772, 775 (5th Cir. 1999). As the Supreme Court has said, "acts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley*, 509 U.S. at 272, 113 S.Ct. at 2615. Accordingly, actions associated with the judicial phase of the criminal process, including "actions preliminary to the initiation of a prosecution and actions apart from the courtroom . . ." are entitled to absolute immunity. *Id.* 509 U.S. at 271-272, 113 S.Ct. at 2614-2615.

The Fifth Circuit has held that "[p]rosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Graves,* 1 F.3d at 318; *Booker v. Koonce*, 2 F.3d 114, 116 (5th Cir. 1993). Moreover, this absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th

Cir. 1991) *citing Rykers v. Alford*, 832 F.2d 895 (5th Cir. 1987).  This is because a prosecutor should not be distracted by the threat of subsequent, time consuming and duplicative civil rights actions when performing duties of his office.  *Imbler*, 424 U.S. at 424-426, 96 S.Ct. at 992-93; *Brummett*, 946 F.2d at 1181.

Because plaintiff's claims against Assistant District Attorneys Bofill Duhe and Wilfred Christen are directed at actions taken by them in the course of their roles as advocates for the State in a criminal prosecution, plaintiff's claims against Mr. Duhe and Mr. Christen are barred.

**3. Non-State Actors – Craig Colwart and Jackie Bennett**

To prevail on a civil rights claim, an inmate must prove that he was deprived, under color of law, of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir.1995). The "under color of law" requirement, means that the defendants in a § 1983 action must have committed the complained-of acts in the course of performing their duties, and must have misused power that they possessed only by virtue of state law and only made possible only because the wrongdoer was clothed with the authority of state law. *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*,

8

68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973). Thus, attorneys representing criminal defendants are generally not subject to suit under Section 1983.

Plaintiff alleges that his attorney, Craig Colwart, violated his civil rights by failing to properly assist him as counsel. His allegations of constitutional violations clearly arise out of counsel's representation of him in the pending criminal prosecution. Plaintiff has failed to show that his attorney, Colwart, was a state actor, or that Colwart was acting under color of law at the time he allegedly violated plaintiff's rights. Further, there is no factual basis to support any claim of a conspiracy between Colwart, the judge and/or the prosecutors to support a claim of state action. *See Mills,* and *Marts supra.*; *see also Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Marts*, 68 F.3d at 136 (same); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) *citing McAfee, supra*. Plaintiff's civil rights claims against his defense attorney, Craig Colwart, should therefore be dismissed for failing to state a claim upon which relief may be granted.

Likewise, it is clear that the victim of plaintiff's alleged crime, Jackie Bennett, is not a state actor as required for liability under § 1983. To the contrary, Ms. Bennett is

9

merely a private citizen who was in no way clothed with the authority of state law. Therefore, plaintiff's claim against Ms. Bennett must be dismissed because plaintiff has not stated a claim upon which relief may be granted.[4]

### 4. Prescription - Warden Boudreaux

Plaintiff complains about the conditions of his former confinement at the Prison, under the supervision of Warden Boudreaux, while awaiting his 2006 state criminal trial. The record reveals that on April 17, 2006, following his January 26, 2006 conviction and April 6, 2006 sentencing, plaintiff was transferred from the Prison to a Louisiana State Department of Corrections facility, where he is serving his criminal sentence. [*See* rec. doc. 1-4, pg. 45]. This § 1983 lawsuit was not filed until, at the earliest, December 13, 2007.

The district court is authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. *See Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations for a personal injury action in the state in which the

---

[4]Plaintiff's claims against Ms. Bennett, if not barred by *Heck v. Humphrey* in accordance with the analysis in Part 5, *infra.*, are also prescribed. Plaintiff complains of Ms. Bennett's testimony given during plaintiff's January 2006 criminal trial. This suit was not filed almost two years later in December 2007. *See* analysis in Part 4, *infra*.

claim arose. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984). The Fifth Circuit has approved the application of Louisiana's one-year personal injury statute of limitations (prescription) provided by La. Civ.Code Ann. art. 3492 in a § 1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980). However, the date of accrual for a §1983 claim is a question of federal law. *Wallace v. Kato*, --- U.S. ----, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007); *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).

      Here, plaintiff complains of the conditions under which he was confined from the date of his arrest, April 9, 2005, until his transfer to a State facility on April 17, 2006. Plaintiff was undoubtedly aware of the alleged unconstitutional conditions of confinement during his incarceration at the Prison. Thus, under federal law, plaintiff's conditions-of-confinement claim accrued, at the latest, in April 2006, when plaintiff either knew, or should have known, the facts on which his constitutional violation was based, whether or not he realized a legal cause of action existed. *See Piotrowski*, 51 F.3d at 516 *quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981).

      Since plaintiff's claim accrued, at the latest, in April 2006, plaintiff had one year, or until April 2007, to file his federal § 1983 action. However, this action was not filed until December 13, 2007, over one and one-half years after his claim accrued and approximately seven months after the limitation (prescriptive) period had expired. Thus,

this §1983 action seeking monetary damages from Warden Boudreaux for alleged unconstitutional conditions of confinement at the Prison is clearly barred by the one year statute of limitations. This action should therefore be dismissed on this basis as frivolous.[5]

To the extent that plaintiff's allegations may be construed as seeking injunctive relief, that claim is likewise subject to dismissal. The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) *citing Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex*., 929 F.2d 1078, 1084 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Holland v. Purdy*, 457 F.2d 802, 802-803 (5th Cir. 1972) (claim for injunctive relief moot when plaintiff transferred to another

---

[5]To the extent that plaintiff's claims against Deputy Baras are not barred by *Heck v. Humphrey*, as set forth in the analysis in Part 5 below, they are nevertheless prescribed. Plaintiff complains that Baras breached his promise made to plaintiff on April 9, 2005 that if he would turn himself in, no charges would be brought against him. However, when plaintiff appeared at the police department on that date, he was arrested and charged with aggravated kidnaping and domestic abuse battery. In accordance with the above analysis, that claim accrued on April 9, 2005, the date that plaintiff became aware of the facts supporting his claim for relief. He therefore had one year, or until April 9, 2006 to assert his claims in this court. Because this action was not filed until December 2007, this claim is subject to dismissal as frivolous. Moreover, plaintiff's claim that Deputy Baras lied during a January 23, 2006 admissibility hearing is likewise prescribed. That claim accrued on January 23, 2006 and prescribed January 23, 2007.

institution).

In order for plaintiff's claims to remain viable, he would have to establish either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to the Prison or released and then re-incarcerated there. *Oliver*, 276 F.3d at 741 *citing Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Plaintiff has failed to make this showing. To the contrary, given that plaintiff is now in the custody of the Louisiana Department of Corrections serving a state criminal sentence, it is unlikely that plaintiff will again be incarcerated at any parish facility, much less at the Prison; the mere possibility of transfer back to the Prison is too speculative to warrant relief. *See Herman*, 238 F.3d at 665*; Murphy*, 455 U.S. at 482.

**5.** ***Heck v. Humphrey***

Plaintiff seeks monetary damages from the defendants as a result of allegedly unconstitutional acts committed by the defendants during his state criminal prosecution. It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254 ." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

The *Heck* rule applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the criminal proceeding. *Edwards,* 117 S.Ct. at 1588-89; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S.Ct. 1242, 1248 (2005) (noting that *Heck* and *Balisok* "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."); *Clarke v. Stalder,* 154 F.3d 186, 190-191 (5th Cir 1998).[6]

Plaintiff's claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the sentence imposed therein. Plaintiff does not allege, nor does

---

[6]The *Edwards* plaintiff sought a declaration of the unconstitutionality of the procedures used to deprive him of good time credits based on deceit and bias on the part of the decision makers; the *Clarke* plaintiff requested a declaration of the unconstitutionality of the rule under which he was convicted, relief which directly impacted each prisoner's conviction. Similarly, in this case, plaintiff seeks injunctive relief, presumably an order directing a criminal prosecution of the defendants for their alleged unconstitutional actions during the proceeding in which petitioner was convicted, relief which will have a direct impact on the validity of plaintiff's convictions. Plaintiff, in effect, challenges the validity of his state court convictions and sentence based on the allegedly unconstitutional procedures used to convict him. Thus, the reasoning of the Supreme Court in *Edwards* and the Fifth Circuit in *Clarke* is applicable in this matter, as the situation presented is analogous to the situation presented in those cases.

the published jurisprudence of the State of Louisiana establish, that plaintiff's criminal convictions, or the sentence imposed, have been set aside. To the contrary, the jurisprudence demonstrates the opposite. *See State v. Voisin*, 944 So.2d 884, 2006-KA-0803 (La.App. 3rd Cir. 12-6-06), *rehearing denied* (1-3-07) (affirming plaintiff's convictions and sentence on direct appeal). Plaintiff's convictions and sentence have been consistently upheld in the Louisiana state courts, and hence, remain valid. Accordingly, plaintiff's claims, directed at the validity of plaintiff's criminal proceeding, are barred by *Heck;* they are not cognizable under 42 U.S.C. § 1983 at this time. These claims must be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

**6.** *Habeas Corpus* **Relief**

Plaintiff also requests that this court reverse his convictions, vacate his sentence and order that the charges against him be dropped. Hence, he seeks immediate release from custody. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004). Thus, challenges to the fact or duration of physical confinement must be pursued in federal court through application for writ of *habeas corpus*, not in a § 1983 lawsuit. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827,

36 L.Ed.2d 439 (1973);  *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987).  However, plaintiff may not proceed in federal court to assert a federal *habeas* claim until he has exhausted his state court remedies, on all of his claims, through the Louisiana Supreme Court.  *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987); *see also Serio, supra*.

In this case, the record clearly reflects petitioner's failure to exhaust state court remedies.  Petitioner admits that his application for post-conviction relief remains pending in the Louisiana state courts and accordingly seeks reversal of his conviction by this court in the event post-conviction relief is denied.  This conclusion is supported by this court's research which demonstrates an absence of a decision by the Louisiana Supreme Court with respect to petitioner's convictions or sentence.  For these reasons, to the extent petitioner seeks *habeas corpus* relief in this action, dismissal is appropriate.

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against Judge Gerard B. Wattigny be **DISMISSED WITH PREJUDICE**  pursuant to the provisions of 28 U.S.C. §§1915(e)(2)(B)(iii) and 1915A(b)(2) on grounds that Judge Wattigny enjoys judicial immunity from suit.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against Assistant District Attorneys Bofill Duhe and Wilfred Christen be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) on grounds that they enjoy prosecutorial immunity from suit.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against criminal defense attorney Craig Colwart and crime victim and former girlfriend Jackie Bennett be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims against Warden Roberta Boudreaux be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § § 1915(e)(2)(B)(I) and 1915A(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon**

**grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana on May 28, 2008.

_____<br>
C. MICHAEL HILL<br>
UNITED STATES MAGISTRATE JUDGE